(No. 2680—

Adolph Hammer, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed June 17, 1943.*

Raymond I. Suekoff and Edward P. Saltiel, for claimant.

George F. Barrett, Attorney General; Robert V. Ostrom, Assistant Attorney General, for respondent.

Per Curiam.

This claim was filed June 17, 1935, and the record completed April 29, 1943. Claimant alleges that during the year

1914, he became associated with the Medical School of the University of Illinois as Director of the Plastic Studio for Anatomical and Pathological Models and Moulages, in which capacity he remained until August, 1930, receiving from the Medical School a free studio and gas and electricity in consideration of permitting the school to use his moulages and models in its classes. That on or about the 12th day of August, 1930, claimant left for Europe, leaving his models, moulages and tools in his studio for the use of said school upon the assurances that they would be safeguarded. That claimant returned to the United States in September, 1933, and requested the return of the described property and was told that the said chattels were disposed of. Claimant further alleges that the said chattels were of great value, requiring twenty years of expert and painstaking labor to complete. Claimant prays an award for damages in the sum of $33,-285.50.

The record consists of the complaint, transcript and abstract of evidence, stipulation of facts, statement, brief and argument by counsel for claimant, and waiver of statement, brief and argument by the Attorney General on behalf of respondent.

It appears from the record that claimant installed in the Medical School Building of the University of Illinois, in space provided by the University, certain Moulages, Molds and Anatomical Models which he constructed and which were his property. Claimant was provided with additional space for use as a laboratory from which he could sell reproductions of the original models. In exchange for the space thus given claimant he agreed to permit the Medical School for instruction purposes to use the said property and to assist in instructing students of the proper use of said Moulages, Molds, etc. Claimant's relationship with the University continued from the year 1914 until about the month of August, 1930, at which time claimant went to Europe leaving his said property for use of the University until his return. During claimant's absence the building in which the said property was kept was remodeled or demolished and claimant's property was removed to the Illinois Research Hospital, a State institution, at that time under the direction and management of the Department of Public Welfare of the State of Illinois. Upon claimant's return from Europe in September of the year 1933

his said property could not be located and had apparently been destroyed.

The pertinent facts as alleged and shown by the evidence are not in dispute and are by stipulation admitted.

Claimant was deprived of his property by an agency of the State through no fault or act of negligence of the claimant. There is no question that claimant was damaged materially by the loss of his property and claimant is entitled to recover the fair and reasonable value thereof.

The fair and reasonable value of the property, as alleged by claimant, is not clearly sustained by the evidence. While claimant's testimony as to value is not contradicted, it is based on usage, custom, scarcity and other intangible elements. Supporting testimony is likewise somewhat vague. There is no doubt that the various items were of material value. They represented the life work of claimant. The construction of the many items required great skill and painstaking labor to complete. The claimant and Mr. John R. Millar, a scientist attached to the Field Museum in Chicago, testified it would require ten to twelve years of claimant's work to replace this property. The burden of proof of damages, however, is upon claimant, and we must be governed here by the minimum damage shown by stipulation and by the record to have been sustained. After much consideration we conclude that the reasonable amount of damages sustained by claimant is the sum of $16,600.00 and claimant is entitled to an award for such sum.

An award is therefore entered in favor of claimant Adolph Hammer in the sum of Sixteen Thousand Six Hundred ($16,600.00) Dollars.